IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:20-MJ-182 (DJS) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JONATHAN MORGAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Jonathan Morgan, by and through counsel, Paul Evangelista, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of the proposed order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

a) Date of complaint: March 13, 2020

b) Date of initial appearance: March 13, 2020

c) Defendant custody status: In custody

d) Date United States moved for detention: March 13, 2020

e) Date of detention hearing: March 16, 2020

f) Date detention decision issued: March 16, 2020

g) Earlier enlargements of time and exclusions under the Speedy Trial Act: the period of time from March 30, 2020 to and including May 29, 2020; the period of time from May 27,

2020 to and including July 26, 2020; the period of time from July 27, 2020 to and including September 25, 2020; the period of time from September 23, 2020 to and including November 22, 2020; the period of time from November 19, 2020 to and including January 18, 2021; and the period of time from January 15, 2021 through and including March 16, 2021.

2) The parties have requested the continuance based on the COVID-19 pandemic and that the parties need additional time to review discovery in this matter.

3) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

**COVID-19 Pandemic**

4) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13, June 12, August 6, October 8, and December 4, and February 24, 2021 allowing for the continuation of criminal (grand and petit) jury selections and jury trials scheduled to commence through April 5, 2021, because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the

exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and lay witnesses.

5) For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

**Reasons Unrelated to the COVID-19 Pandemic**

6) The Government made a pre-indictment discovery production (of non-child exploitation material) on November 16, 2020, and counsel for the Government and the defendant met on December 4, 2020 and again on January 29, 2021 to review the child exploitation evidence. The requested continuance allows for the effective preparation by counsel to review the evidence with the United States and the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint. Delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

7) The parties stipulate and agree that a period of 60 days, beginning on and including the date on which the Court signs the requested order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

/

/

/

/

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: March 12, 2021

ANTOINETTE T. BACON
Acting United States Attorney

By: /s/ Michael Barnett

Michael Barnett
Assistant United States Attorney
Bar Roll No. 519140

Paul Evangelista

Paul Evangelista, Esq.
Attorney for Jonathan Morgan
Bar Roll No. 507507

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:20-MJ-182 (DJS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JONATHAN MORGAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1. This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses.

2. The Court also finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the

United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

3. BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

4. That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; and because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this 23rd day of March, 2021.

Hon. Daniel J. Stewart
United States Magistrate Judge